UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICHOLAS F. DICROCE,

    PLAINTIFF,

    v.

DIRK KEMPTHORNE, SECRETARY, DEPARTMENT OF INTERIOR,

    DEFENDANT.

CIVIL ACTION

No. 06-5173

MEMORANDUM/ORDER

June 6, 2007

    This is plaintiff Nicholas DiCroce's second employment discrimination suit against his former employer, the Secretary of the Department of the Interior ("Secretary"). Now before the court is the Secretary's Motion to Dismiss in Part or, in the alternative, for Summary Judgment in Part (Docket # 10).

    I heard argument on the Secretary's motion at a hearing held at 2:00pm on May 22, 2007. At the conclusion of that session, I asked the parties to file supplementary memoranda clarifying the relationship between Mr. DiCroce's three Department of Interior Equal Employment Opportunity ("EEO") complaints and his two federal court lawsuits.

    On June 5, 2007, having received supplementary memoranda from both parties, I held a second hearing on the Secretary's motion. At the June 5 hearing, Mr. DiCroce's

counsel clarified that the complaint by which Mr. DiCroce initiated this civil suit builds on (1) a notice of right to sue relating to Mr. DiCroce's second EEO complaint and (2) Mr. DiCroce's third EEO complaint, which alleged that he had been forced to resign in retaliation for his EEO activity. Docket # 19, Exh. E. (August 22, 2006 notice of right to sue); *id.*, Exh. G (DiCroce's third EEO complaint).  The Secretary clarified that the purpose of the motion was to preclude Mr. DiCroce from raising claims based on events occurring on or up to May 14, 2004—the date on which Mr. DiCroce received a notice of right to sue relating to his first EEO complaint.  As the Secretary observed, these claims were dismissed as time-barred in Mr. DiCroce's first suit against the Secretary. Docket # 11, Exh. C (Equal Employment Opportunity Commission notice of decision dated May 14, 2004); *DiCroce v. Norton*, Civil Action No. 03-6275, Docket # 23 (order dismissing, as untimely, claims that DiCroce brought on the basis of the May 14, 2004 notice of right to sue), *aff'd*, Ct Appeals No. 06-2117, 2007 WL 520080 (3d Cir. Feb. 2, 2007).

"Claim preclusion, often called *res judicata*, . . . prohibits reexamination not only of matters actually decided in [a] prior case, but also those that the parties might have, but did not, assert in that action." *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993) (citing *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988)).  Because claim preclusion is an "affirmative defense[,] . . . the party asserting such a bar [must] bear the burden of showing that it applies." *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).  This entails showing "that there has been (1) a final

judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *Id*.

Third Circuit caselaw provides no explicit guidance as to whether a judgment on statute of limitations grounds constitutes a "judgment on the merits." However, the Third Circuit has on at least one occasion determined that a judgment entered "on the basis that the action was barred by lapse of time . . . operates as a bar to another suit on the same cause of action in the same jurisdiction." *Williamson v. Columbia Gas & Elec. Corp.*, 186 F.2d 464, 466 (3d Cir. 1951); *see also Rose v. Town of Harwich*, 778 F.2d 77, 80 (1st Cir. 1985) (opinion by then Circuit Judge Breyer noting the existence of "a clear trend toward giving claim-preclusive effect to dismissals based on statutes of limitations" and citing illustrative cases from the Second, Fifth, Sixth, and Ninth Circuits).

"[W]hether two lawsuits are based on the same cause of action 'turn[s] on the essential similarity of the underlying events giving rise to the various legal claims.'" *Churchill v. Star Enterprises*, 183 F.3d 184, 194 (3d Cir. 1999) (quoting *Athlone Industries*, 746 F.2d at 983 (3d Cir. 1984)). That is:

> (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.

*Athlone Industries*, 746 F.2d at 984 (internal citations omitted).

DiCroce's current action pursues the same theory of recovery as his first suit

3

against the Secretary, *DiCroce v. Norton*, Civil Action No. 03-6275, and names the same defendant.  Thus, in view of the arguments presented by the Secretary at the June 5 hearing, the court will grant summary judgment in favor of the Secretary as to claims based on events occurring on or up to May 14, 2004.  Mr. DiCroce may therefore raise only claims based on events occurring after May 14, 2004.  As identified in the notice of right to sue relating to Mr. DiCroce's second EEO complaint, these claims include the allegations that (1) performance standards were applied differently to Mr. DiCroce than to other similarly situated employees, thereby setting him up to fail; (2) Mr. DiCroce's accomplishments were not recognized with "time off awards" as were the accomplishments of other similarly situated employees; (3) Mr. DiCroce was continually subjected to harassing treatment in the form of negative verbal comments from his supervisor because of Mr. DiCroce's testimony in a previous EEO complaint; (4) requirements to earn credit hours under the maxi-flex work schedule were applied differently to Mr. DiCroce than to other similarly situated employees. Docket # 22.  These claims also include the allegation of forced resignation set out by Mr. DiCroce in his third EEO complaint. Docket # 20, Exh. C.

**ORDER**

And now, for the reasons given above, it is hereby **ORDERED** that defendant Secretary Kempthorne's Motion for Summary Judgment in Part is **GRANTED** and judgment is entered in favor of the Secretary and against plaintiff Nicholas F. DiCroce as to claims of discrimination or retaliation based on events alleged to have occurred on or before May 14, 2004, these claims having been dismissed as time-barred in Civil Action 03-6275.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.